**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Ashley Gardner,

Plaintiff,

vs.

Credit One Financial d/b/a Credit One Bank, N.A.,

Defendant.

Case No. 2:26-cv-02207-GMN-MDC

**ORDER RE: MOTIONS (ECF NOS. 6, 8, 9)**

The Court has reviewed plaintiff's *Motion/Application to Proceed In Forma Pauperis* ("IFP") (ECF No. 6), *Motion for Pro Se Litigant to File Electronically* ("Electronic File Motion") (ECF No. 8), and *Motion for Appointment of Counsel* (ECF No. 9) ("Appoint Motion"). The Court **DENIES** plaintiff's IFP Application and Appoint Motion without prejudice, and **GRANTS** her Electronic File Motion. The Court's reasoning is as follows.

## I. PLAINTIFF'S IFP APPLICATION (ECF NO. 6) AND APPOINT MOTION (ECF NO. 9)

Plaintiff's IFP Application (ECF No. 6) is denied without prejudice. Plaintiff did not use the approved Short or Long Form applications; she appeared to cut and paste a version of the Short Form application in a pleading paper format. *See ECF No. 6*. Plaintiff's Application is also deficient and does not provide sufficient information to determine if she applies for IFP status. Plaintiff does not adequately explain her living situation or how she pays $0 in regular monthly expenses while having three children dependent on her for support. *See ECF No. 6.* While plaintiff's IFP Application is denied without prejudice and plaintiff may choose to file a Court-approved Long Form application providing more complete responses and sufficient financial information, that is not necessary at this time.

First, defendant removed this case from state court and paid the necessary filing fee. *ECF No. 1*. As a result, plaintiff is not required to pay any filing fee for this case to proceed. *See Alo v. Cnty. of Fresno*, No. 1:26-cv-03935-JLT-EGC (PC), 2026 WL 1735080, at *2 (E.D. Cal. June 16, 2026)

(collecting cases). Second, while plaintiff is required to obtain approval to proceed in pauperis in order to be eligible to request appointment of counsel[1], plaintiff is not entitled to the appointment of counsel at this time even if she were to qualify to proceed in pauperis.

"In civil cases the district court may only appoint counsel to litigants proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(e)(1)." *Smith v. Doe*, No. 2:09-cv-00806-PMP-PAL, 2010 WL 1872876, at *4 (D. Nev. April 13, 2010). Plaintiff's Appoint Motion is thus denied procedurally because plaintiff has not been approved to proceed *in forma pauperis*. But the Court also considered the merits of plaintiff's motion and denies it substantively regardless of whether plaintiff could proceed *in forma pauperis*. There is no right to appointment of counsel in civil matters. *See Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). The appointment of counsel pursuant to section 1915(e)(1) is limited to cases presenting "exceptional circumstances." *See Aldabe v. Aldab*e, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). Although the Court appreciates that plaintiff would benefit from the appointment of counsel, plaintiff has not established the existence of exceptional circumstances which warrant appointment of counsel.

Therefore, plaintiff's IFP Application and Appoint Motion are denied without prejudice. Plaintiff may refile an application to proceed IFP and motion for appointment of counsel in the future, if exceptional circumstances arise.

## II. PLAINTIFF'S ELECTRONIC FILE MOTION (ECF NO. 8)

The Court grants plaintiff's Electronic File Motion. Under Local Rule IC 2-1(b), a pro se litigant may request the Court's authorization to register as a filer in a specific case. Plaintiff states that she resides in Michigan and that authorizing her to electronically file would promote efficiency and lower costs in filing and receiving documents regarding this case. *ECF No. 9*. Moreover, plaintiff states that

---

[1] *See Johnson v. United States*, No. 22-cv-1188-BAS-AGS, 2022 WL 9529687, at *2 (S.D. Cal. October 14, 2022) ("a motion to appoint counsel pursuant to § 1915(e)(1) necessarily depends upon Plaintiff's ability to proceed IFP").

she has experience filing electronically in the underlying state court case that was removed to this Court here and that she reviewed the CM/ECF requirements for filing electronically. *Id.* For good cause shown and because plaintiff's request is unopposed (*see* LR 7-2(d)), the Court therefore grants plaintiff's request to file electronically in this case.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's *Motion/Application to Proceed In Forma Pauperis* (ECF No. 6) and *Motion for Appointment of Counsel* (ECF No. 9) are **DENIED** without prejudice. Plaintiff may refile an application to proceed *in forma pauperis* and motion for appointment of counsel in the future, if exceptional circumstances arise.
2. Plaintiff's *Motion for Pro Se Litigant to File Electronically* (ECF No. 8) is **GRANTED**. Plaintiff is authorized to register as an electronic filer in this case.
3. Plaintiff must submit a completed registration form available on the Court's website.
4. Plaintiff shall comply with the following procedures to activate a CM/ECF account:
    a. Plaintiff must become familiar with the Electronic Filing procedures and events menus, obtain a PACER account, and obtain an CM/ECF login and password from the District of Nevada by submitting a completed registration form on the Court's website.
    b. Plaintiff must read and comply with the guidelines for e-filing available both on the Court's website and here at https://perma.cc/2NCZ-T2WX.

DATED: September 2, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.